IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JKB-15-0363 |
| | | CIVIL NO. JKB-18-0255 |
| MICHAEL G. CAMPHOR | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Now pending before the Court is the Defendant's request that his conviction and sentence be vacated pursuant to 28 U.S.C. § 2255 (ECF Nos. 202, 218). The Government has responded (ECF Nos. 206, 228), and the Defendant has replied (ECF No. 237).

The Court has carefully reviewed the Defendant's arguments attacking the performance of his counsel and contending that he received ineffective assistance. The Court has carefully reviewed the Government's responses. The Court has reacquainted itself with the lengthy record that has accumulated in this case and the various arguments that the Defendant has made along the way.

There are issues on the perimeter of the Defendant's claims that are no doubt complex and subtle. The whole concept of securitization in relation to the mortgage market and the financial crises of 2008 is a fraught subject. But the issues cited by the Defendant on the periphery of this case are not germane to his claims under Section 2255. He contends that he is the victim of ineffective assistance of counsel. Despite the lengthy submissions, the Court is unable to find support for that contention in the record of this case. The Court is not persuaded

that defense counsel "missed" issues key to the competent defense of the matter. The statute of limitations issues are elusory. The notion that there is not a concrete victim does not hold water.

Despite the complexity that can sometimes accompany fraud cases, in this case the Government proceeded in a straightforward fashion. The proceeding surrounding the guilty plea and the sentencing demonstrate that there was no confusion among the Court, Government counsel, and, most important, defense counsel and the Defendant, with respect to the essential elements of the relevant offenses, and the Defendant's guilt. After taking the advice of his attorney, who at least by the record in this case appears to be quite competent, the Defendant acknowledged his understanding of the proceedings and his criminal responsibility under the relevant statutes. There simply wasn't any ambiguity in that regard. Nor was there any legal insufficiency with respect to the charges, the timing of the charges, or the overall process under which the Defendant pled guilty.

In addition to the Defendant's lengthy submissions, the Court has studied the Government's detailed responses set out at ECF No. 206 and ECF No. 228. The arguments contained therein are compelling. The Court now adopts the reasoning set out in those two briefs as its own in support of its ruling herein.

The Defendant has failed to carry his burden under Section 2255. The Motion (ECF No. 202) is DENIED. To the extent that a certificate of appealability must issue before the Defendant may pursue relief in the Court of appeals, that certificate is also DENIED in that the requisite standard has not been met.

DATED this 15 day of January, 2019.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
Chief Judge